AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2015 JUN 16 PM 3:42

CLERK-LAS CRUCES

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 15-MR-376
1625 Spruce Ave, Trailer 104 )
Las Cruces, NM 88001 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of New Mexico _____, there is now concealed
*(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
— evidence of a crime;

— contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C., 841 & 846 | Possess with the Intent to Distribute a Controlled Substance |
| | Conspiracy to Possess with the Intent to Distribute a Controlled Substance |

The application is based on these facts:
See Attachment C

— Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is
requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Paul Schiller, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 16 June 2015

*Judge's signature*

City and state: Las Cruces, NM            Gregory B. Wormuth U. S. Magistrate Judge
*Printed name and title*

## Attachment A
## Premise to Be Searched

**1625 Spruce Ave, Trailer 104, Las Cruces, Dona Ana County, New Mexico 88001**

The premise to be searched is a residence located at 1625 Spruce Ave, Trailer 104, Las Cruces, Dona Ana County, New Mexico 88001. The residence is a single story trailer home. The residence is white/grey in color with a pitched roof with grey/brown trimming.

To include the area outside the residence, outlying structures on the property, persons present in the residence, and any vehicles on the property and or curtilage.



## ATTACHMENT B

## ITEMS TO BE SEIZED

Evidence of violations of 21 USC §§ 841 and 846:

1. Books, records, receipts, notes, ledger and other documents relating to transporting, ordering, purchasing, manufacturing and/or distributing controlled substances.

2. Financial documents, including but not limited to, credit card statements, tax returns, safe deposit records, safe deposit keys, bank records, bank statements, money orders, Western Union receipts, checking account records, cashiers checks, passbooks and other items evidencing the obtainment, concealment and/or expenditure of money.

3. Records, including but not limited to, address and telephone books (in electronic form or otherwise), telephone bills, cellular telephones bills, airline tickets, rental car records, storage unit rental records, false identification documents, other forms of identification, vehicle titles, vehicle registrations, and records showing occupancy of the premises.

4. Proceeds of an unlawful activity, including but not limited to, currency, jewelry, vehicles and other assets or financial records related thereto.

5. Photographs and/or video recordings.

6. Controlled substances, including cocaine; drug paraphernalia; and packaging materials including scales, plastic baggies and tape.

7. Cellular telephones, including "Smart" phones and records or data related to violations of 21 U.S.C. §§ 841 and 846, and stored on any cellular telephones including:

    a. Digital, cellular, direct connect, and/or other phone numbers, names, addresses, and other identifying information of customers, distributors, sources of supply and other associates involved in this conspiracy;

    b. Digital, cellular, direct connect, and/or other phone numbers dialed from, which contacted, or which are otherwise stored on the cellular telephones, along with the date and time each such communication occurred;

    c. Text message logs and text messages whether sent from, to, or drafted on, the cellular telephones, along with the date and time each such communication occurred;

    d. The content of voice mail messages stored on the cellular telephones, along with the date and time each such communication occurred;

    e. Photographs or video recordings;





f. Information relating to the schedule, whereabouts, or travel of the user of the cellular telephones;

g. Information relating to other methods of communications utilized by the user of the cellular telephones and stored on the cellular telephones;

h. Bank records, checks, credit card bills, account information and other financial records; and

i. Evidence of user attribution showing who used or owned the cellular telephones, such as logs, phonebooks, saved usernames and passwords, documents, and internet browsing history.



## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

Your Affiant, Paul J. Schiller as a Special Agent of the Drug Enforcement Administration, having been duly sworn, does hereby depose and state:

1. I am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice. I have been a Special Agent with the DEA since October 29, 2010. As a Special Agent with the DEA, I am a law enforcement officer of the United States within the meaning of Title 18, United States Code (USC) § 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 USC § 2516.

2. My experience as a Special Agent includes, but is not limited to, conducting physical surveillance, interviewing witnesses, writing affidavits for and executing search warrants, working Confidential Sources, working in an undercover capacity, analysis of materials received in response to the issuance of administrative and federal grand jury subpoenas, analysis of phone toll and financial records, and analysis of data derived from the use of pen registers, trap and traces, and wiretaps.

3. This affidavit is submitted in support of an order authorizing the search of the Subject Premises, as more fully described in Attachment A.

4. Through my training and experience, I know the following:

    a. Drug traffickers often place assets in names other than their own to avoid detection of these assets by law enforcement;

    b. Drug traffickers often place assets in corporate entities in order to avoid detection of these assets by law enforcement;

    c. Although these assets are in other persons' names, the drug dealers actually own and continue to use these assets and exercise dominion and control over them;

    d. Drug traffickers frequently maintain large amounts of United States currency in their residences in order to maintain and finance their ongoing drug business;

    e. Drug traffickers frequently maintain at their residences books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the transportation, ordering, sale and distribution of controlled substances; drug traffickers commonly consign controlled substances to their clients and transporters; that the aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the traffickers have ready access to them;

  f.  It is common for drug traffickers to secret contraband, proceeds of drug sales, and records of drugs transactions in secure locations within their residences, out buildings, sheds, and hidden compartments in vehicles for their ready access and to conceal them from law enforcement authorities;

  g.  Persons involved in drug trafficking conceal in their residences controlled substances, large amounts of currency, financial instruments, precious metals, jewelry, and other items of value and/or proceeds of drug transactions; and evidence of financial transactions relating to: obtaining, transferring, secreting, or the spending of large amounts of money made from engaging in drug trafficking activities;

  h.  Drug traffickers amass large proceeds from the sale of drugs that the drug traffickers attempt to legitimize these profits; to accomplish these goals, drug traffickers utilize domestic banks and their attendant services, securities, cashier checks, money drafts, letters of credit, brokerage houses, real estate, shell corporations, and business fronts;

  i.  Drug traffickers commonly keep in books or on papers names, addresses and telephone numbers of their associates in the illicit trafficking business;

  j.  Drug traffickers often possess or carry weapons to protect themselves and their controlled substances from theft by other trafficking organizations and seizure by law enforcement agencies.

  k.  Drug traffickers often use cellular telephones, two-way radios and other forms of electronic communications to contact their associates, place orders for drugs and control the delivery of illegal contraband.

5.  The following information is based upon my personal knowledge as well as information provided by other federal, state and local officers and is presented as probable cause to search the Subject Premises. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause.

  a.  On June 3, 2015, DEA Agents developed a Confidential Source (CS) that informed agents that Edward Valenciano had obtained 14 ounces of heroin from Juarez, Chihuahua, Mexico, and that the heroin was being stored at the Onate Green Mobile Home Park located at 1625 Spruce, Trailer 104, in Las Cruces, New Mexico. CS informed agents that this was the residence of Jared Slyh, and that Slyh received user amounts of heroin to store larger amounts of heroin at his residence.

  b.  On the same date, TFO Undercover (UC) John Duffy (UC) and the CS rode in the same car to Subject Premises. CS approached the front door of the Subject



Premises and UC remained inside of the car which was parked in the driveway. UC saw a man who fit the description of Slyh answer the door and allow the CS to enter the residence. CS returned shortly thereafter and gave UC a bundle of heroin, which was later found to weigh 353.4 gross grams, wrapped in a white sock. CS was searched prior to and after the drug transaction with negative findings. CS was shown a photo of Slyh, and CS confirmed that Slyh was the person who had provided CS with the heroin. A driver's license lookup revealed that Slyh uses the address of the Subject Premises on his license.

c. CS told agent that the Subject Premises has been utilized over the past year to store large amounts of narcotics.

Based on the above information, I believe that there is probable cause to believe that Subject Premises may have illegal narcotics, illegal proceeds, packaging material, and drug ledgers stored within it, and that there is probable cause to issue a warrant for the Subject Premises, which is described in Attachment A.

PAUL J. SCHILLER
Special Agent, DEA

SUBSCRIBED and SWORN to before me this 16th day of June, 2015.

Gregory B. Wormuth
United States Magistrate Judge